The plaintiff in this civilian pay case challenges his removal from his main Federal job for accepting pay for a second Federal job during the time he was working at his main job. Both parties have moved for summary judgment, and we heard oral argument. We uphold plaintiffs removal and dismiss the petition.
Plaintiff was employed full time as a warehouseman with the Department of the Air Force at Kelly Air Force Base, Texas (Kelly). At the time of his removal, he was paid $5.68 an hour. He also worked part time with the Army and Air Force Exchange Service at Lackland Air Force Base, Texas (Lackland). He performed this work after he finished his work at Kelly. This job consisted of driving a vending truck around the base and selling sandwiches and other food and drink to the employees, enlistees, and students there. Plaintiff was paid $2.30 an hour for this work. He was also paid the amount, if any, by which his commission, calculated as a percentage of his sales, exceeded his hourly wage during the 2-week pay periods. During the 16 pay periods relevant to this case, plaintiffs commission exceeded his hourly wages only once.
Following the issuance of a notice of proposed removal and the filing of plaintiff’s written response, the Air Force removed plaintiff from his job at Kelly. Insofar as here pertinent, the ground of removal was that plaintiff had defrauded the government by drawing pay for hours allegedly earned by working at Lackland when the plaintiff, in fact, worked those same hours at Kelly.[1] According to the notice of proposed removal, on 70 different days the *548 plaintiff was paid for overlapping time ranging from 15 to 105 minutes.
The plaintiff appealed his removal to the Federal Employee Appeals Authority (Appeals Authority) which, after a hearing, sustained the removal. In a lengthy opinion the Appeals Authority held that the Air Force "complied with the mandatory procedural requirements of the Civil Service regulations in effecting appellant’s removal,” that the charge of "defrauding the government” by "his acceptance of pay from the two agencies” for working "at two different locations at the same time ... is fully supported by the record and must be sustained” and that this charge "was of sufficient gravity and seriousness to warrant the action accomplished, and therefore, the agency’s decision to remove appellant was not arbitrary, capricious, or unreasonable but was for such cause as will promote the efficiency of the service.”
Before this court the plaintiff challenges his removal on a number of procedural and substantive grounds. The Appeals Authority considered and properly rejected these contentions, and there is no occasion for us to discuss most of them. Two points, however, merit brief consideration.
1. The principal evidence against the plaintiff was the time and attendance registers at Lackland. Each register covered a 2-week period and stated the number of hours the plaintiff had worked on particular days. Plaintiff signed each of the registers in a space following the legend "Certified True and Correct.” The plaintiff was paid for the hours shown on the register. The Appeals Authority credited the plaintiffs testimony that he worked his full 8-hour shift at Kelly on the days involved, and concluded that plaintiff "could not possibly have arrived at his post of duty at Lackland at or before the time listed on the time and attendance sheets.”
The record shows, as plaintiff testified, that he did not personally enter the number of hours worked on the time and attendance registers. Each register covers more than one employee and the numerals showing hours worked by the different employees were written by the same person. That fact, however, is immaterial to the charge that plaintiff defrauded the government. Since his certification *549 that he worked the hours shown was false, it was immaterial whether he or someone else inserted the number of hours on the register. Indeed, it is a common practice in the government for someone other than the employees to insert on time and attendance records the number of hours various employees worked.
The plaintiff testified that when he signed the time and attendance registers, the space showing the number of hours worked always was blank. The officer who proposed the plaintiffs removal, however, testified that in investigating the charges against Grinage, he examined the time and attendance registers at Lackland and noticed that in the registers for the current pay period "[t]his information [the times for the first week] was filled out and part of the second week was filled out, and it already contained Mr. Grinage’s signature.” He further testified: "It was explained to me that for expediency sake [sic] and to preclude delay of the paycheck they got the employee to sign the pay sheets early in the second week. The first week was always filled out.”
The registers for the periods involved in this case show that the overlapping times sometimes occurred in the first week, sometimes in the second.
In the circumstances we cannot say that the agency’s finding that the plaintiff defrauded the government was not supported by substantial evidence. The Appeals Authority was not required to accept the plaintiffs testimony that when he signed the registers the number of hours always was blank. The record contains evidence supporting the conclusion that the plaintiff signed the registers at a time when the hours worked during the first week were stated, and that some of those hours shown were false.
2. The plaintiff also contends that he was in a leave-without-pay status at Lackland during the overlapping hours, and therefore that he received nothing from the government for those hours. The record does not support this claim. Although various hours of leave-without-pay were entered on the plaintiffs attendance records, apparently these were bookkeeping entries designed only to show that plaintiff had 40 hours of duty each week. The weekly *550 hours of leave-without-pay were the number which, when addded to the hours worked, would equal 40.
Similarly, the record does not support plaintiffs alternative argument that he did not defraud the government because he was paid at Lackland on a commission basis rather than on the basis of the hours shown on the time and attendance reports. As noted (supra, p. 547), the plaintiffs commissions exceeded his minimum pay during only one pay period. For most of the time here involved, the plaintiff was paid an hourly wage based upon the time shown on the registers.
In sum, we cannot say that the agency in terminating the plaintiff, and the Appeals Authority in sustaining that termination, violated the governing procedural rules, that their action was without substantial evidentiary support, or that they acted arbitrarily and capriciously.
The plaintiffs motion for summary judgment is denied, the defendant’s motion is granted, and the petition is dismissed.
Plaintiffs motion for rehearing was denied May 1,1981.

 The Air Force also based the removal on the additional charge that through misrepresentation the plaintiff obtained $1,286.40 in sick pay. The Federal Employee Appeals Authority held that the evidence did not sustain that charge.